796 F.2d 472
 1986-2 Trade Cases 67,219
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Costa Cruises, Inc.
v.
Caribbean Tours and Cruises, Inc.
 No. 85-1518.
 United States Court of Appeals, Fourth Circuit
 Decided July 30, 1986.
 
 Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 
 
 1
 PER CURIAM [In full text except for omissions as indicated by asterisks]
 
 
 2
 Caribbean Tours and Cruises, Inc. ("Caribbean") requests a new trial, claiming that the district judge's questions to witnesses and comments on the speculativeness of damages evidence impaired its right to an impartial jury trial. Caribbean also challenges the order of a separate trial on some of its counterclaims. Although the district judge's conduct was not above reproach, we believe his actions were harmless in the circumstances of the case. We therefore affirm the judgment below.
 
 I.
 
 3
 This case began as a breach of contract action in which Costa Cruises, Inc. ("Costa"), a company which operates cruise ships, sued Caribbean, a travel agency which had purchased accommodations on Costa's M/S World Renaissance and MTS Daphne, for money owed under those two contracts. Caribbean counterclaimed, alleging inter alia breaches of cruise agreements by Costa, underreporting of Caribbean's payments to Costa, mispresentation, defamation, and violations of Virginia and federal antitrust laws.
 
 
 4
 At trial, Costa's presentation was brief. Caribbean then began a lenghty and disorganized presentation, during which the trial judge asked questions and brought out two points not previously raised: Caribbean's bankruptcy, and the authority of Caribbean's key witness, a consultant, to speak for the company. During a recess, the court dismissed Costa's claim for payment on the World Renaissance agreement as overly speculative and "severed"[1] all of Caribbean's counterclaims that were not defenses to the MTS Daphne contract.
 
 
 5
 The jury returned a verdict for Costa on the Daphne contract in the amount of $59,516.00. It found against Caribbean on its counterclaims for breach of the Daphne contract.
 
 
 6
 The court urged the parties to arbitrate the separated counterclaims. In an order which said nothing about arbitration, those counterclaims were dismissed without prejudice.
 
 II.
 
 7
 * * *
 
 
 8
 * * *
 
 III.
 
 9
 Caribbean argues further that the judge erred in separating some of its permissive counterclaims under Federal Rule of Civil Procedure 42(b) and ordering their arbitration.[2] A trial court has discretion to order separate trials sua sponte when such action "will be conducive to expedition and economy." Fed.R.Civ.P. 42(b). Although this action is usually taken before trial, the court retains the power to separate or to set aside a prior separation of counterclaims for appropriate reasons until the entry of final judgment. See Partmer Corp. v. Paramount Theatres Corp., 347 U.S. 89, 100 (1954). The court's discretion was not abused in this case.
 
 
 10
 Caribbean's contention that the court erroneously issued a binding arbitration order is similarly without merit. The record contains only judicial suggestions, not a binding, final, appealable order to arbitrate.
 
 
 11
 In addition to contesting the propriety of arbitration, Caribbean arguably appeals the dismissal of its counterclaims without prejudice. Assuming such an appeal, we hold that the dismissal was not an abuse of discretion in light of Caribbean's extraordinary lack of preparation and general abuse of the jury process. See generally, Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (citing a court's " 'inherent power' ... to achieve the orderly and expeditious disposition of cases"). Cf. Fed.R.Civ.P. 16(f), 37(b)(2)(C) (dismissal is an available sanction when an attorney is "substantially unprepared" or "fails to participate in good faith" in pretrial proceedings).
 
 
 12
 As discussed above, the trial judge's decisions with respect to separation and dismissal without prejudice were not abuses of discretion in this case. His erroneous instruction was harmless. Nevertheless, we caution the judge to be more restrained in the future. In another context, his conduct might constitute reversible error.
 
 
 13
 The judgment of the district court is hereby affirmed.
 
 
 14
 Affirmed.
 
 
 
 [1]
 Both parties agree that the court's action was a separate trial order under Federal Rule of Civil Procedure 42(b). The judge's use of the term "severance," however, suggests that his decision may have been a true severance order under Federal Rule of Civil Procedure 21. Under Rule 21, the severed and non-severed claims are treated as independent actions for purposes of jurisdiction and appealability. Under Rule 42(b), the claims comprise one action for these purposes. See 3A J. Moore & J. Lucas, Moore's Federal Practice p 21.05 (1985)
 In this appeal, the difference between Rule 21 severance and Rule 42(b) separation for trial is not material. Jurisdiction is not a problem under either analysis, since the requirements for diversity are met on all claims and counterclaims. The final judgment on Costa's claims and some of Caribbean's counterclaims and the order dismissing the remaining counterclaims without prejudice, satisfy the finality requirements for appellate review under either rule. For purposes of this appeal, we will accept the parties' characterization and treat the court's disposition as a separate trial order under Rule 42(b).
 
 
 [2]
 Caribbean asserts that not only permissive counterclaims but also one compulsory counterclaim "for the prior (December) cruise" were separated and ultimately dismissed without prejudice. This contention, like much of this case, is unintelligible. The World Renaissance and Daphne cruises occurred in July and January, respectively. Caribbean has offered no explanation of what the "December cruise" was and has failed to identify the counterclaim allegedly arising out of it
 Our reading of the trial transcript and the pleadings indicates that all compulsory counterclaims were submitted to the jury and only permissive counterclaims, including inter alia the antitrust allegations, were separated.